1   ROBERT W. FERGUSON
       *Attorney General*
2
    CRISTINA SEPE, WSBA #53609
3   ANDREW HUGHES, WSBA #49515
       *Assistant Attorneys General*
4   Washington State Office of the Attorney General
    800 Fifth Avenue, Suite 2000
5   Seattle, WA 98104-3188
    (206) 464-7744
6

7             **UNITED STATES DISTRICT COURT**
            **EASTERN DISTRICT OF WASHINGTON**
8                      **AT SPOKANE**

9   TRAVIS JAY WISE, et al.,            NO. 2:21-cv-00288-TOR

10              Plaintiffs,              STATE DEFENDANTS'
                                         ANSWER TO AMENDED
11      v.                               COMPLAINT

12  GOVERNOR JAY INSLEE, et al.,

13              Defendants.

14

15                    **GENERAL DENIAL**

16      Defendants   Jay   Inslee,   Governor   of   the   State   of   Washington;

17  Donald Clintsman, Acting Secretary of the Washington State Department of Social

18  and Health Services; John Batiste, Chief of the Washington State Patrol; and

19  Roger Millar, Secretary of the Washington State Department of Transportation

20  (collectively, the "State Defendants") answer Plaintiffs' Amended Complaint

21  ("Complaint") filed at ECF No. 26. Except as expressly admitted or qualified,

22

STATE DEFENDANTS' ANSWER TO
AMENDED COMPLAINT
NO. 2:21-cv-00288-TOR

1

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1    State Defendants deny each and every allegation, statement, or charge contained in

2    the Complaint, and deny that Plaintiffs are entitled to any of the relief requested.

3        The coronavirus disease 2019 (COVID-19) pandemic is an unprecedented

4    state, national, and international emergency that requires a commensurate

5    governmental response to protect public health and save lives. The emergency

6    orders issued by the Governor, like similar orders issued by numerous national,

7    state, regional, and local governments around the world, address the pandemic by

8    taking steps to mitigate the spread and lower the hospitalizations and fatalities

9    caused by COVID-19. Specifically, Proclamation 21-14, as amended (collectively,

10    the "Proclamation" or "Proclamation 21-14"), is a lawful exercise of the

11    Governor's emergency powers that infringes none of Plaintiffs' constitutional or

12    statutory rights.

13        State Defendants respond to the numbered allegations in the Complaint as

14    follows:

15    **I.    INTRODUCTION**

16        1.1    Paragraph 1.1 contains legal conclusions and argument to which no

17    response is required. To the extent a further response is required, the allegations

18    in Paragraph 1.1 are denied.

19        1.2    State Defendants are without information sufficient to form a belief

20    as to the truth of the allegations in Paragraph 1.2 and therefore deny them.

21

22

STATE DEFENDANTS' ANSWER TO
AMENDED COMPLAINT
NO. 2:21-cv-00288-TOR

2

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1      ## II.    PARTIES AND JURISDICTION

2      **A.    Subject matter jurisdiction**

3              2.1    Paragraph 2.1 asserts legal conclusions to which no response is

4      required. To the extent that a response is required, the allegations in

5      Paragraph 2.1 are denied.

6      **B.    Venue**

7              2.2    Paragraph 2.2 asserts legal conclusions to which no response is

8      required. To the extent that a response is required, the allegations in

9      Paragraph 2.2 are denied.

10     **C.    Personal jurisdiction**

11             2.3    State Defendants admit they are Washington State residents but are

12     without information sufficient to form a belief as to the truth of the remaining

13     allegations in Paragraph 2.3 and therefore deny them.

14             2.3.1  State Defendants admit that Jay Inslee is the Governor of the State

15     of Washington and is a named Defendant. The remainder of Paragraph 2.3.1

16     asserts legal conclusions to which no response is required. To the extent a

17     response is required, the remaining allegations in Paragraph 2.3.1 are denied.

18             2.3.2  State Defendants deny that the City of Spokane is a named

19     Defendant in this action. The remainder of Paragraph 2.3.2 asserts legal

20     conclusions to which no response is required. To the extent a response is required,

21     the remaining allegations in Paragraph 2.3.2 are denied.

22

STATE DEFENDANTS' ANSWER TO
AMENDED COMPLAINT
NO. 2:21-cv-00288-TOR

3

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1      2.3.3 Upon information and belief, State Defendants admit that

2    Brian Schaeffer is the Fire Chief for the City of Spokane. The remainder of

3    Paragraph 2.3.3 asserts legal conclusions to which no response is required. To

4    the extent a response is required, the remaining allegations in Paragraph 2.3.3

5    are denied.

6      2.3.4 State Defendants admit that John Batiste is the Chief of the

7    Washington State Patrol. The remainder of paragraph 2.3.4 asserts legal

8    conclusions to which no response is required. To the extent a response is required,

9    the remaining allegations in Paragraph 2.3.4 are denied.

10      2.3.5 State Defendants admit that Roger Millar is the Secretary of the

11    Washington State Department of Transportation (WSDOT). The remainder of

12    Paragraph 2.3.5 asserts legal conclusions to which no response is required. To

13    the extent a response is required, the remaining allegations in Paragraph 2.3.5

14    are denied.

15      2.3.6 State Defendants admit that Donald Clintsman is the

16    Acting Secretary of the Washington State Department of Social and Health

17    Services (DSHS). The remainder of Paragraph 2.3.6 asserts legal conclusions to

18    which no response is required. To the extent a response is required, the remaining

19    allegations in Paragraph 2.3.6 are denied.

20      2.4    Paragraph 2.4 asserts legal conclusions and argument to which no

21    response is required. To the extent a response is required, the allegations in

22    Paragraph 2.4 are denied.

STATE DEFENDANTS' ANSWER TO
AMENDED COMPLAINT
NO. 2:21-cv-00288-TOR

4

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1    2.5    State Defendants are without information sufficient to form a belief

2    as to the truth of the allegations in Paragraph 2.5 and therefore deny them.[1]

3    2.5.2–2.5.4  State Defendants are without information sufficient to form a

4    belief as to the truth of the allegations in Paragraphs 2.5.2 through 2.5.4 and

5    therefore deny them.

6    2.5.5–2.5.13    State Defendants admit that Chelsie Byroads, Cheryl

7    Bernard, Nadia Fedorova, Shelley Engle, Jordan Lazaro, Desirae King, Mary

8    Drass, and Laurece Rust are or were employees of the Washington State

9    Department of Social and Health Services. State Defendants are without

10    information sufficient to form a belief as to the truth of the remaining allegations

11    in Paragraphs 2.5.5 through 2.5.13 and therefore deny them.[2]

12    2.5.14–2.5.16    State Defendants admit that Thomas Forsyth,

13    Andilee Jordan, and Travis Yeager are or were employees of the Washington

14    State Patrol. State Defendants are without information sufficient to form a belief

15    as to the truth of the remaining allegations in Paragraphs 2.5.14 through 2.5.16

16    and therefore deny them.

17    2.5.17–2.5.20    State Defendants admit that Levi Hines,

18    David Charbonneau, Christopher Moore, and Terry Dunn are or were employees

19    of the Washington State Department of Transportation. State Defendants are

20    _____

21    [1] Paragraph 2.5.1 is missing from Plaintiffs' Amended Complaint.

22    [2] Plaintiff Chelsea Byroads is duplicated at Paragraph 2.5.12.

STATE DEFENDANTS' ANSWER TO
AMENDED COMPLAINT
NO. 2:21-cv-00288-TOR

5

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1   without information sufficient to form a belief as to the truth of the remaining

2   allegations in Paragraphs 2.5.17 through 2.5.20 and therefore deny them.

3        2.5.21 State Defendants admit that Jacob Wolfe was an employee of the

4   Washington State Department of Fish and Wildlife. State Defendants are without

5   information sufficient to form a belief as to the truth of the remaining allegations

6   in Paragraph 2.5.21 and therefore deny them.

7        2.5.22 State Defendants admit that Grant Rodkey was an employee of the

8   Washington State Department of Social and Health Services. State Defendants

9   are without information sufficient to form a belief as to the truth of the remaining

10   allegations in Paragraph 2.5.22 and therefore deny them.

11        2.5.23 State Defendants are without information sufficient to form a belief

12   as to the truth of the allegations in Paragraph 2.5.23 and therefore deny them.

13            **III.   FACTS**

14        3.1   State   Defendants   admit   Governor   Inslee   issued

15   Proclamation 21-14.2 on September 27, 2021. The text of the Proclamation

16   speaks for itself and requires no response by way of factual pleading. To the extent

17   a further response is required, the remaining allegations in Paragraph 3.1 are

18   denied.

19        3.2   Paragraph 3.2 asserts legal conclusions and argument to which no

20   response is required. To the extent a response is required, the allegations in

21   Paragraph 3.2 are denied.

22

STATE DEFENDANTS' ANSWER TO
AMENDED COMPLAINT
NO. 2:21-cv-00288-TOR

6

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1    3.3    Paragraph 3.3 asserts legal conclusions and argument to which no

2    response is required. To the extent a response is required, State Defendants admit

3    the Proclamation recognizes religious and disability exemptions and specifies

4    how State Agencies, operators of Educational Settings, and operators of

5    Health Care Settings should implement the requirements of the Proclamation and

6    deny the remainder of Paragraph 3.3.

7    3.4    State Defendants admit that, on August 9, 2021, Acting Secretary

8    Don Clintsman sent an email regarding the Proclamation. State Defendants are

9    without information sufficient to form a belief as to the truth of the allegation in

10    Paragraph 3.4 as to all employees receiving the email on August 9, 2021, and

11    therefore deny it.

12    3.5    State Defendants admit that, on August 14, 2021, an email was sent

13    to DSHS employees regarding a process for seeking religious accommodations.

14    The text of the email communication speaks for itself and requires no response by

15    way of factual pleading. To the extent a further response is required, the

16    remaining allegations in Paragraph 3.5 are denied.

17    3.6    State Defendants admit that on August 16, 2021, an email was sent

18    to DSHS employees regarding the requirements of the Proclamation that also

19    directed employees on where to get more information on medical and religious

20    accommodations. State Defendants are without information sufficient to form a

21    belief as to the truth of the allegation in Paragraph 3.6 as to all employees

22    receiving the email on August 16, 2021, and therefore deny it.

STATE DEFENDANTS' ANSWER TO
AMENDED COMPLAINT
NO. 2:21-cv-00288-TOR

7

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1          3.7     State Defendants admit that, on August 22, 2021, Plaintiff Shelley

2    Engle submitted a request for a religious accommodation.

3          3.8     State Defendants admit that a letter responding to Plaintiff Engle's

4    request for a religious accommodation was emailed on September 10, 2021.

5    State Defendants further admit DSHS determined that the exemption request was

6    based on a sincerely held religious belief. State Defendants further admit that the

7    letter explained, in considering that request for an accommodation, DSHS would

8    evaluate the essential functions of Plaintiff Engle's position, as well as business

9    requirements for workplace safety, and that Plaintiff Engle would be contacted

10   by email with additional information regarding the accommodation decision.

11         3.9     State Defendants admit that, on September 17, 2021, the

12   Human Resources Division of DSHS sent an email reminder regarding the

13   Proclamation. State Defendants are without information sufficient to form a

14   belief as to the truth of the allegation in Paragraph 3.9 as to all employees

15   receiving the email on September 17, 2021, and therefore deny it.

16         3.10    State Defendants admit that, on September 17, 2021, an email was

17   sent to Plaintiff Engle on when to anticipate follow-up information regarding an

18   accommodation decision.

19         3.11    State Defendants admit that, on September 24, 2021, an email was

20   sent to Plaintiff Engle regarding an accommodation, and after carefully reviewing

21   the job classification, essential functions, and working environment, it was

22   determined that the only accommodation available was the possibility of

STATE DEFENDANTS' ANSWER TO
AMENDED COMPLAINT
NO. 2:21-cv-00288-TOR

8

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1  reassignment. State Defendants further admit the email included information on

2  how and when to pursue potential reassignment.

3      3.12   State Defendants admit that, on September 28, 2021, Plaintiff Engle

4  sent her resume to DSHS. The remainder of Paragraph 3.12 asserts legal

5  conclusions and argument to which no response is required. To the extent a

6  response is required, the remaining allegations in Paragraph 3.12 are denied.

7      3.13   State Defendants admit that, on September 28, 2021, a "Notice of

8  Intent to Separate for Non-disciplinary Reasons" was sent to Plaintiff Engle. To

9  the extent Plaintiffs attempt to characterize that document, it speaks for itself. To

10  the extent a further response is required, State Defendants admit the second and

11  third paragraphs of Paragraph 3.13 quote from the notice sent to Plaintiff Engle.

12      3.14   State Defendants admit that as of October 6, 2021, Plaintiff Engle

13  had not received written notice from DSHS on whether she could be reassigned

14  but that DSHS sent such notice on or around October 13, 2021. That notice

15  explained that DSHS had determined Plaintiff Engle did not have an option

16  through the reassignment accommodation process because she did not meet the

17  qualifications for positions then available as reassignment options.

18  State Defendants deny the remaining allegations in Paragraph 3.14.

19      3.15   State Defendants admit that, on August 11, 2021, Chief John Batiste

20  sent an email regarding the Proclamation. State Defendants are without

21  information sufficient to form a belief as to the truth of the allegation in

22

STATE DEFENDANTS' ANSWER TO
AMENDED COMPLAINT
NO. 2:21-cv-00288-TOR

9

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1    Paragraph 3.15 as to all employees receiving the email on August 11, 2021, and

2    therefore deny it.

3         3.16    State Defendants admit that, on August 12, 2021, Plaintiff Andilee

4    Jordan submitted a request for a religious accommodation.

5         3.17    State Defendants admit that, on August 24, 2021, Plaintiff Travis

6    Yeager submitted a request for a religious accommodation.

7         3.18    State Defendants are without information sufficient to form a belief

8    as to the truth of the allegations in Paragraph 3.18 and therefore deny them.

9         3.19    State Defendants are without information sufficient to form a belief

10   as to the truth of the allegations in the first sentence in Paragraph 3.19 and

11   therefore deny them. State Defendants admit the second sentence in

12   Paragraph 3.19 accurately quotes from written communication sent to

13   Plaintiff Yeager. To the extent Plaintiffs attempt to characterize that

14   communication, it speaks for itself. To the extent a further response is required,

15   State Defendants admit that after carefully reviewing the job classification,

16   essential functions, and working environment, it was determined that the only

17   accommodation available for Plaintiff Yeager was the possibility of

18   reassignment.

19        3.20    State Defendants admit the first sentence in Paragraph 3.20.

20   State Defendants further admit the second sentence in Paragraph 3.20 accurately

21   quotes from written communication sent to Plaintiff Jordan. To the extent

22   Plaintiffs attempt to characterize that communication, it speaks for itself. To the

STATE DEFENDANTS' ANSWER TO
AMENDED COMPLAINT
NO. 2:21-cv-00288-TOR

10

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1  extent a further response is required, State Defendants admit the third and fourth

2  sentences in Paragraph 3.20 and state that after carefully reviewing the job

3  classification, essential functions, and working environment, it was determined

4  that the only accommodation available was the possibility of reassignment.

5       3.21   State Defendants admit the allegations in Paragraph 3.21.

6       3.22   State Defendants admit that on September 23, 2021, Plaintiff Jordan

7  received a "Notice to Separate for Non-disciplinary reasons." To the extent

8  Plaintiffs attempt to characterize that document, it speaks for itself. To the extent

9  a further response is required, State Defendants deny the remaining allegations

10  in Paragraph 3.22.

11       3.23   State Defendants are without information sufficient to form a belief

12  as to the truth of the allegations in Paragraph 3.23 and therefore deny them.

13       3.24   State Defendants are without information sufficient to form a belief

14  as to the truth of the allegations in Paragraph 3.24 and therefore deny them.

15       3.25   State Defendants are without information sufficient to form a belief

16  as to the truth of the allegations in Paragraph 3.25 and therefore deny them.

17       3.26   State Defendants are without information sufficient to form a belief

18  as to the truth of the allegations in Paragraph 3.26 and therefore deny them.

19       3.27   State Defendants are without information sufficient to form a belief

20  as to the truth of the allegations of the first sentence of Paragraph 3.27 and

21  therefore deny them. The second sentence of Paragraph 3.27 contains legal

22  conclusions and argument to which no response is required. To the extent a

STATE DEFENDANTS' ANSWER TO
AMENDED COMPLAINT
NO. 2:21-cv-00288-TOR

11

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1    further response is required, State Defendants deny the second sentence of

2    Paragraph 3.27.

3            3.28    State Defendants admit the allegations in Paragraph 3.28.

4            3.29    State Defendants admit the allegations in Paragraph 3.29.

5            3.30    State Defendants admit the allegations in Paragraph 3.30.

6            3.31    State Defendants admit that, on August 26, 2021, an email was sent

7    to WSDOT staff regarding the medical and religious exemption process.

8    State Defendants are without information sufficient to form a belief as to the truth

9    of the allegation in Paragraph 3.31 regarding the receipt of the email by all staff

10   on August 29, 2021, and therefore deny it.

11           3.32    State Defendants admit the allegations in Paragraph 3.32.

12           3.33    State Defendants admit the allegations in Paragraph 3.33.

13           3.34    State Defendants admit that an email with instructions on how

14   WSDOT staff could validate their COVID-19 vaccination status was sent on

15   September 8, 2021. State Defendants are without information sufficient to form

16   a belief as to the truth of the allegation in Paragraph 3.34 regarding the receipt of

17   email by all WSDOT staff on September 8, 2021, and therefore deny it.

18           3.35    State Defendants admit that a reply to Plaintiff Charbonneau's

19   religious exemption request was sent on September 14, 2021. State Defendants

20   are without sufficient information to form a belief as to the truth of the allegation

21   regarding Plaintiff Charbonneau's receipt of the same on September 14, 2021,

22   and therefore deny it. State Defendants admit that after carefully reviewing the

STATE DEFENDANTS' ANSWER TO
AMENDED COMPLAINT
NO. 2:21-cv-00288-TOR

12

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1    job classification, essential functions, and working environment, it was

2    determined that no accommodation could be made in Plaintiff Charbonneau's

3    current position.

4        3.36    State Defendants admit the allegations in Paragraph 3.36.

5        3.37    State Defendants admit the allegations in Paragraph 3.37.

6        3.38    State Defendants admit the allegations in Paragraph 3.38.

7        3.39    State Defendants admit that a meeting summary, dated

8    September 24, 2021, was sent to Plaintiff Charbonneau. To the extent Plaintiffs

9    attempt to characterize that document, it speaks for itself. To the extent a further

10    response is required, State Defendants admit that the discussion encompassed

11    Plaintiff Charbonneau's job duties that required his presence in the workplace,

12    including on-site visits, work with survey crews, and meetings with utility

13    companies. State Defendants further admit that those essential functions require

14    unavoidable and unpredictable interaction and/or exposure to others.

15        3.40    State Defendants are without information sufficient to form a belief

16    as to the truth of the allegations in Paragraph 3.40 and therefore deny them.

17        3.41    State Defendants admit Plaintiff Charbonneau was promoted in

18    July 2021, but are without information sufficient to form a belief as to the truth

19    of the remaining allegations in Paragraph 3.41 and therefore deny them.

20        3.42    State Defendants admit Paragraph 3.42 accurately quotes the

21    meeting summary dated September 24, 2021. To the extent Plaintiffs attempt to

22    characterize that document, it speaks for itself.

STATE DEFENDANTS' ANSWER TO
AMENDED COMPLAINT
NO. 2:21-cv-00288-TOR

13

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1    3.43   State Defendants admit that, on September 17, 2021, an email was

2    sent to WSDOT Eastern Region Users that described retirement, vaccine

3    validation, and accommodation reassignments, and that Paragraph 3.43 quotes

4    portions of that email. State Defendants are without information sufficient to

5    form a belief as to the truth of the allegation in Paragraph 3.43 regarding the

6    receipt of the email by all WSDOT Eastern Region Users on September 17, 2021,

7    and therefore deny it.

8    3.44   Paragraph 3.44 contains legal conclusions and argument to which

9    no response is required. To the extent a further response is required,

10    State Defendants deny Paragraph 3.44.

11    3.45   State Defendants are without information sufficient to form a belief

12    as to the truth of the allegations in Paragraph 3.45 and therefore deny them.

13    3.46   State Defendants admit the allegations in Paragraph 3.46. To the

14    extent Plaintiffs attempt to characterize that document, it speaks for itself.

15    3.47   State Defendants admit that, on September 22, 2021,

16    Secretary Millar sent an all-staff WSDOT email. To the extent Plaintiffs attempt

17    to characterize that document, it speaks for itself.

18    3.48   State Defendants admit the allegations in Paragraph 3.48.

19    3.49   State Defendants admit the allegations in Paragraph 3.49.

20    3.50   State Defendants admit the allegations in Paragraph 3.50.

21

22

STATE DEFENDANTS' ANSWER TO
AMENDED COMPLAINT
NO. 2:21-cv-00288-TOR

14

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1          **IV.    FIRST CAUSE OF ACTION**

2          **Injunctive Relief Against Governor Inslee;**

3        **Damages where proved against non-state defendants**

4              **Violation of 42 U.S.C. 1983**

5          4.1    State Defendants incorporate by reference their answers to the

6    preceding paragraphs.

7          4.2    Paragraph 4.2 asserts legal conclusions and argument to which no

8    response is required. To the extent a response is required, Paragraph 4.2 is denied.

9          4.3    State Defendants deny Paragraph 4.3.

10         4.4    State Defendants deny Paragraph 4.4.

11         **V.    SECOND CAUSE OF ACTION**

12    **Governor's Proclamation is Ultra Vires and Void, Without Legal Effect;**

13              **Injunctive Relief Sought**

14        *A. Wrongful Delegation of Legislative Powers and Improper Execution*

15                    *of Emergency Powers*

16         5.1    State Defendants incorporate by reference their answers to the

17    preceding paragraphs.

18         5.2    State Defendants deny Plaintiffs have accurately quoted Article I,

19    Section 42, of the Washington Constitution. In addition, the Washington

20    Constitution speaks for itself and requires no response by way of factual pleading.

21

22

STATE DEFENDANTS' ANSWER TO
AMENDED COMPLAINT
NO. 2:21-cv-00288-TOR

15

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1    5.3    Paragraph 5.3 asserts legal conclusions and argument to which no

2 response is required. To the extent a response is required, the allegations in

3 Paragraph 5.3 are denied.

4    5.4    Paragraph 5.4 asserts legal conclusions and argument to which no

5 response is required. To the extent a response is required, the allegations in

6 Paragraph 5.4 are denied.

7    5.5    State Defendants deny Paragraph 5.5.

8    5.6    State Defendants deny Paragraph 5.6.

9    5.7    State Defendants deny Paragraph 5.7.

10    5.8    State Defendants deny Paragraph 5.8.

11    5.9    State Defendants deny that Paragraph 5.9 contains a quote to the

12 cases cited. The quote in Paragraph 5.9 is to *Jacobson v. Commonwealth of*

13 *Massachusetts*, 197 U.S. 11, 25 S. Ct. 358, 49 L. Ed. 643 (1905). To the extent

14 Plaintiffs attempt to characterize *Jacobson* and the other cases cited in

15 Paragraph 5.9, the cases speak for themselves and require no response by way of

16 factual pleading. To the extent any remaining allegations contain averments of

17 material fact requiring a response, State Defendants deny the remaining

18 allegations contained in Paragraph 5.9.

19    5.10   State Defendants deny Paragraph 5.10.

20    *B.    Impermissible Interference With and Excessive Burdens Upon*

21 *Interstate Commerce*

22    5.11   State Defendants deny Paragraph 5.11.

STATE DEFENDANTS' ANSWER TO
AMENDED COMPLAINT
NO. 2:21-cv-00288-TOR

16

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1    5.12   State Defendants are without information sufficient to form a belief

2  as to the truth of the allegations in Paragraph 5.12 on where "some" Plaintiffs

3  live and work, and therefore deny them. State Defendants further deny the

4  remainder of Paragraph 5.12.

5  <center>**VI.    THIRD CAUSE OF ACTION**</center>

6  <center>**Deprivation of Religious Freedom, U.S. CONST., Amend. I, WASH. CONST.**</center>

7  <center>**Art. I, Sec. 11 and the Equal Protection Clause of the 14th Amendment to**</center>

8  <center>**the federal constitution (declaratory and injunctive relief)**</center>

9    6.1    State Defendants incorporate by reference their answers to the

10  preceding paragraphs.

11    6.2    State Defendants deny Paragraph 6.2.

12    6.3    State Defendants deny Paragraph 6.3.

13    6.4    State Defendants admit that the Proclamation is facially neutral but

14  otherwise deny Paragraph 6.4.

15    6.5    Paragraph 6.5 asserts legal conclusions and argument to which no

16  response is required. To the extent a response is required, the allegations in

17  Paragraph 6.5 are denied.

18    6.6    Paragraph 6.6 purports to quote a document without attaching the

19  document. State Defendants are unable to access the document with the link listed

20  to determine whether Plaintiffs have accurately quoted the document.

21  State Defendants are without information sufficient to form a belief as to the truth

22  of the allegations in Paragraph 6.6 and therefore deny them.

STATE DEFENDANTS' ANSWER TO
AMENDED COMPLAINT
NO. 2:21-cv-00288-TOR

17

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1    6.7    State Defendants deny Paragraph 6.7.

2    6.8    State Defendants deny Paragraph 6.8.

3    *Jacobson* Ostensibly Forbids Enforcement

4    6.9    Paragraph 6.9 contains legal conclusions and argument to which no

5    response is required. To the extent Plaintiffs attempt to characterize *Jacobson v.*

6    *Commonwealth of Massachusetts*, 197 U.S. 11, 25 S. Ct. 358, 49 L. Ed. 643

7    (1905), the case speaks for itself and requires no response by way of factual

8    pleading. To the extent any remaining allegations contain averments of material

9    fact requiring a response, State Defendants deny the remaining allegations

10   contained in Paragraph 6.9.

11   6.10   Paragraph 6.10 contains legal conclusions and argument to which

12   no response is required. To the extent Plaintiffs attempt to characterize *Jacobson*

13   *v. Commonwealth of Massachusetts*, 197 U.S. 11, 25 S. Ct. 358, 49 L. Ed. 643

14   (1905), the case speaks for itself and requires no response by way of factual

15   pleading. To the extent any remaining allegations contain averments of material

16   fact requiring a response, State Defendants deny the remaining allegations

17   contained in Paragraph 6.10.

18   6.11   Paragraph 6.11 contains legal conclusions and argument to which

19   no response is required. To the extent Plaintiffs attempt to characterize *Jacobson*

20   *v. Commonwealth of Massachusetts*, 197 U.S. 11, 25 S. Ct. 358, 49 L. Ed. 643

21   (1905), the case speaks for itself and requires no response by way of factual

22   pleading. To the extent any remaining allegations contain averments of material

STATE DEFENDANTS' ANSWER TO
AMENDED COMPLAINT
NO. 2:21-cv-00288-TOR

18

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1  fact requiring a response, State Defendants deny the remaining allegations

2  contained in Paragraph 6.11.

3      6.12   Paragraph 6.12 contains legal conclusions and argument to which

4  no response is required. To the extent Plaintiffs attempt to characterize *Jacobson*

5  *v. Commonwealth of Massachusetts*, 197 U.S. 11, 25 S. Ct. 358, 49 L. Ed. 643

6  (1905), the case speaks for itself and requires no response by way of factual

7  pleading. To the extent any remaining allegations contain averments of material

8  fact requiring a response, State Defendants deny the remaining allegations

9  contained in Paragraph 6.12.

10     6.13   State Defendants deny Paragraph 6.13.

11              **VII.   FOURTH CAUSE OF ACTION**

12                  **Procedural Due Process**

13     7.1     Paragraph 7.1 contains legal conclusions and argument to which no

14  response is required. To the extent Plaintiffs attempt to characterize *Didlake v.*

15  *Washington State*, 186 Wash. App. 417, 426, 345 P.3d 43 (2015), and *Board of*

16  *Regents of State Colleges v. Roth*, 408 U.S. 564, 92 S. Ct. 2701, 33 L. Ed. 2d 548

17  (1972), the cases speak for themselves and require no response by way of factual

18  pleading. To the extent any remaining allegations contain averments of material

19  fact requiring a response, State Defendants deny the remaining allegations

20  contained in Paragraph 7.1.

21     7.2     Paragraph 7.2 contains legal conclusions and argument to which no

22  response is required. To the extent Plaintiffs attempt to characterize *Board of*

STATE DEFENDANTS' ANSWER TO
AMENDED COMPLAINT
NO. 2:21-cv-00288-TOR

19

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1    *Regents of State Colleges v. Roth*, 408 U.S. 564, 92 S. Ct. 2701, 33 L. Ed. 2d 548

2    (1972) and *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 105 S.

3    Ct. 1487, 84 L. Ed. 2d 494 (1985), the cases speak for themselves and require no

4    response by way of factual pleading. To the extent any remaining allegations

5    contain averments of material fact requiring a response, State Defendants deny

6    the remaining allegations contained in Paragraph 7.2.

7         7.3    State Defendants deny Paragraph 7.3.

8         7.4    State Defendants deny Paragraph 7.4.

9                      **VIII.  FIFTH CAUSE OF ACTION**

10                         **Substantive Due Process**

11        8.1    State Defendants admit that Paragraph 8.1 accurately quotes

12   *Corales v. Bennett*, 567 F.3d 554, 568 (9th Cir. 2009). To the extent Plaintiffs

13   attempt to characterize *Corales v. Bennett*, 567 F.3d 554, 568 (9th Cir. 2009) and

14   *Nunez v. City of Los Angeles*, 147 F.3d 867, 871 (9th Cir. 1998), the cases speak

15   for themselves and require no response by way of factual pleading. To the extent

16   any remaining allegations contain averments of material fact requiring a

17   response, State Defendants deny the remaining allegations contained in

18   Paragraph 8.1.

19        8.2    Paragraph 8.2 asserts legal conclusions and argument to which no

20   response is required. To the extent any remaining allegations contain averments

21   of material fact requiring a response, State Defendants deny the remaining

22   allegations contained in Paragraph 8.2.

STATE DEFENDANTS' ANSWER TO
AMENDED COMPLAINT
NO. 2:21-cv-00288-TOR

20

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

8.3    Paragraph 8.3 asserts legal conclusions and argument to which no response is required. To the extent any remaining allegations contain averments of material fact requiring a response, State Defendants deny the remaining allegations contained in Paragraph 8.3.

8.4    State Defendants deny Paragraph 8.4.

8.5    State Defendants deny Paragraph 8.5.

8.6    State Defendants deny Paragraph 8.6.

### IX.    SIXTH CAUSE OF ACTION

### Taking and Violations of the Contracts Clause

*Taking of Property Without Just Compensation*

9.1    State Defendants deny that Paragraph 9.1 accurately quotes Article 5 of the U.S. Constitution. Paragraph 9.1 quotes a portion of Article 1, Section 16 of the Washington Constitution.

9.2    Paragraph 9.2 asserts legal conclusions and argument to which no response is required. To the extent Plaintiffs attempt to characterize *Woods View II, LLC v. Kitsap County*, 188 Wash. App. 1, 39, 352 P.3d 807, 826 (2015), and *Loretto v. Teleprompter Manhattan CATV Corp.*, 458 U.S. 419, 433, 102 S. Ct. 3164, 71 L. Ed. 2d 868 (1982), the cases speak for themselves and require no response by way of factual pleading. To the extent any remaining allegations contain averments of material fact requiring a response, State Defendants deny the remaining allegations contained in Paragraph 9.2.

STATE DEFENDANTS' ANSWER TO
AMENDED COMPLAINT
NO. 2:21-cv-00288-TOR

21

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

9.3    Paragraph 9.3 asserts legal conclusions and argument to which no response is required. To the extent Plaintiffs attempt to characterize *Omnia Commercial Co. v. United States*, 261 U.S. 502, 508, 43 S. Ct. 437, 67 L. Ed. 773 (1923); *Long Island Water-Supply Co. v. City of Brooklyn*, 166 U.S. 685, 690, 17 S. Ct. 718, 41 L. Ed. 1165 (1897); and *City of Cincinnati v. Louisville & Nashville Railroad Company*, 223 U.S. 390, 400, 32 S. Ct. 267, 56 L. Ed. 481 (1912), the cases speak for themselves and require no response by way of factual pleading. To the extent any remaining allegations contain averments of material fact requiring a response, State Defendants deny the remaining allegations contained in Paragraph 9.3.

9.4    State Defendants deny Paragraph 9.4.

9.5    State Defendants deny Paragraph 9.5.

*Threats to Terminate State Employees Without Unemployment Benefits*

*Constitute a Violation of the Equal Protection, Due Process, and*

*Contract Clauses*

9.6    Paragraph 9.6 asserts legal conclusions and argument to which no response is required. To the extent Plaintiffs attempt to characterize *United States Trust Company of New York v. New Jersey*, 431 U.S. 1, 17, 97 S. Ct. 1505, 1515, 52 L. Ed. 2d 92 (1977), the case speaks for itself and requires no response by way of factual pleading. To the extent any remaining allegations contain averments of material fact requiring a response, State Defendants deny the remaining allegations contained in Paragraph 9.6.

STATE DEFENDANTS' ANSWER TO
AMENDED COMPLAINT
NO. 2:21-cv-00288-TOR

22

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1    9.7    State Defendants deny that Wash. Rev. Code § 50.10.20 regulates

2    the issuances of unemployment benefits in the State of Washington as there is no

3    chapter 50.10 in the Revised Code of Washington. State Defendants further deny

4    the remaining allegations contained in Paragraph 9.7.

5    9.8    Paragraph 9.8 asserts legal conclusions and argument to which no

6    response is required. To the extent Plaintiffs attempt to characterize

7    *Home Building & Loan Ass'n v. Blaisdell*, 290 U.S. 398, 439, 54 S. Ct. 231, 78 L.

8    Ed. 413 (1934), and *United States Trust Company of New York v. New Jersey*,

9    431 U.S. 1, 22, 97 S. Ct. 1505, 52 L. Ed. 2d 92 (1977), the cases speak for

10   themselves and requires no response by way of factual pleading. To the extent any

11   remaining allegations contain averments of material fact requiring a response,

12   State Defendants deny the remaining allegations contained in Paragraph 9.8.

13   9.9    Paragraph 9.9 contains legal conclusions and argument to which no

14   response is required. To the extent Plaintiffs attempt to characterize

15   *Home Building & Loan Ass'n v. Blaisdell*, 290 U.S. 398, 439, 54 S. Ct. 231, 78 L.

16   Ed. 413 (1934), and *United States Trust Company of New York v. New Jersey*,

17   431 U.S. 1, 22, 97 S. Ct. 1505, 52 L. Ed. 2d 92 (1977), the cases speak for

18   themselves and requires no response by way of factual pleading. To the extent a

19   further response is required, the allegations in Paragraph 9.9 are denied.

20   9.10   State Defendants deny Paragraph 9.10.

21

22

STATE DEFENDANTS' ANSWER TO
AMENDED COMPLAINT
NO. 2:21-cv-00288-TOR

23

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1

### X.    SEVENTH CAUSE OF ACTION

2

### Americans with Disabilities Act (ADA)

3    10.1    State Defendants admit that Paragraph 10.1 accurately quotes

4    42 U.S.C. § 12112(a). The statute speaks for itself and requires no response by

5    way of factual pleading. To the extent any remaining allegations contain

6    averments of material fact requiring a response, State Defendants deny the

7    allegations contained in Paragraph 10.1.

8    10.2    State Defendants admit that Paragraph 10.2 accurately quotes

9    42 U.S.C. § 12112(b)(5)(A). The statute speaks for itself and requires no response

10    by way of factual pleading. To the extent any remaining allegations contain

11    averments of material fact requiring a response, State Defendants deny the

12    allegations contained in Paragraph 10.2.

13    10.3    State Defendants admit that Paragraph 10.3 accurately quotes

14    definitions set forth in 42 U.S.C. § 12111. The statute speaks for itself and

15    requires no response by way of factual pleading. To the extent any remaining

16    allegations contain averments of material fact requiring a response,

17    State Defendants deny the allegations contained in Paragraph 10.3.

18    10.4    Paragraph 10.4 asserts legal conclusions and argument to which no

19    response is required. To the extent Plaintiffs attempt to characterize *Samper v.*

20    *Providence St. Vincent Medical Center*, 675 F.3d 1233, 1237 (9th Cir. 2012), the

21    case speaks for itself and requires no response by way of factual pleading. To the

22

STATE DEFENDANTS' ANSWER TO
AMENDED COMPLAINT
NO. 2:21-cv-00288-TOR

24

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1   extent any remaining allegations contain averments of material fact requiring a

2   response, State Defendants deny the allegations contained in Paragraph 10.4.

3       10.5    State Defendants admit that Paragraph 10.5 accurately quotes

4   42 U.S.C. § 12102(1)(A)–(C). The statute speaks for itself and requires no

5   response by way of factual pleading. To the extent a response is required, the

6   allegations in Paragraph 10.5 are denied.

7       10.6    State Defendants admit that Paragraph 10.6 accurately quotes

8   29 C.F.R. § 1630.2(o)(4). The regulation speaks for itself and requires no

9   response by way of factual pleading. To the extent a response is required, the

10  allegations in Paragraph 10.6 are denied.

11      10.7    State Defendants admit that Paragraph 10.7 accurately quotes

12  42 U.S.C. § 12111(8). The statute speaks for itself and requires no response by

13  way of factual pleading. To the extent a response is required, the allegations in

14  Paragraph 10.7 are denied.

15      10.8    State Defendants admit that Paragraph 10.8 accurately quotes

16  29 C.F.R. § 1630.2(n)(1). The regulation speaks for itself and requires no

17  response by way of factual pleading. To the extent Plaintiffs attempt to

18  characterize 29 C.F.R. § 1630.2(n)(1) and *Humphrey v. Memorial Hospitals

19  Association*, 239 F.3d 1128, 1137 (9th Cir. 2001), the regulation and case speak

20  for themselves and require no response by way of factual pleading. To the extent

21  any remaining allegations contain averments of material fact requiring a

22

STATE DEFENDANTS' ANSWER TO
AMENDED COMPLAINT
NO. 2:21-cv-00288-TOR                    25              ATTORNEY GENERAL OF WASHINGTON
                                                              Complex Litigation Division
                                                              800 Fifth Avenue, Suite 2000
                                                              Seattle, WA 98104-3188
                                                              (206) 464-7744

1    response, State Defendants deny the remaining allegations contained in

2    Paragraph 10.8.

3        10.9   State Defendants admit that Paragraph 10.9 accurately quotes

4    29 C.F.R. § 1630.9(a). The regulation speaks for itself and requires no response

5    by way of factual pleading. To the extent a response is required, the allegations

6    in Paragraph 10.9 are denied.

7        10.10 State Defendants admit that Paragraph 10.10 accurately quotes

8    42 U.S.C. § 12111(9)(B). The code speaks for itself and requires no response by

9    way of factual pleading. To the extent a response is required, the allegations are

10   denied.

11       10.11 State Defendants deny that Paragraph 10.11 is an accurate quote

12   from 42 U.S.C. § 12111(o)(3). To the extent any remaining allegations contain

13   averments of material fact requiring a response, State Defendants deny the

14   remaining allegations contained in Paragraph 10.11.

15       10.12 State Defendants admit that Paragraph 10.12 accurately quotes

16   *Humphrey*, 239 F.3d at 1138. To the extent Plaintiffs attempt to characterize

17   *Humphrey*, the case speaks for itself and requires no response by way of factual

18   pleading. To the extent any remaining allegations contain averments of material

19   fact requiring a response, State Defendants deny the remaining allegations

20   contained in Paragraph 10.12.

21       10.13 Paragraph 10.13 asserts legal conclusions and argument to which no

22   response is required. State Defendants admit that Paragraph 10.13 accurately

STATE DEFENDANTS' ANSWER TO
AMENDED COMPLAINT
NO. 2:21-cv-00288-TOR

26

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1    quotes 42 U.S.C. § 12111(10)(A). To the extent any remaining allegations

2    contain averments of material fact requiring a response, State Defendants deny

3    the remaining allegations contained in Paragraph 10.13.

4    10.14 Paragraph 10.14 asserts legal conclusions and argument to which no

5    response is required. State Defendants admit that Paragraph 10.14 accurately

6    quotes 42 U.S.C. § 12111(10)(B). To the extent any remaining allegations

7    contain averments of material fact requiring a response, State Defendants deny

8    the remaining allegations contained in Paragraph 10.14.

9    10.15 State Defendants admit that Paragraph 10.15 accurately quotes

10   *Snapp v. United Transportation Union*, 889 F.3d 1088, 1095 (9th Cir. 2018). The

11   case speaks for itself and requires no response by way of factual pleading. To the

12   extent a response is required, the allegations are denied.

13   10.16 State Defendants deny Paragraph 10.16.

14   ## XI.    EIGHTH CAUSE OF ACTION

15   ## Violation of the Washington Law Against Discrimination (WLAD)

16   11.1    State Defendants incorporate by reference their answers to the

17   preceding paragraphs.

18   11.2    Paragraph 11.2 asserts legal conclusions and argument to which no

19   response is required. State Defendants admit that Paragraph 11.2 accurately

20   quotes excerpts of Wash. Rev. Code § 49.60.180(2). To the extent any remaining

21   allegations contain averments of material fact requiring a response,

22   State Defendants deny the remaining allegations contained in Paragraph 11.2.

STATE DEFENDANTS' ANSWER TO
AMENDED COMPLAINT
NO. 2:21-cv-00288-TOR

27

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1    11.3  State Defendants admit that Paragraph 11.3 accurately quotes

2    excerpts of Wash. Rev. Code § 49.60.180(3). To the extent any remaining

3    allegations contain averments of material fact requiring a response,

4    State Defendants deny the remaining allegations contained in Paragraph 11.3.

5    11.4  State Defendants admit that Paragraph 11.4 accurately quotes

6    *Kumar v. Gate Gourmet, Inc.*, 180 Wash. 2d 481, 501, 325 P.3d 193, 203 (2014).

7    The case speaks for itself and requires no response by way of factual pleading.

8    To the extent a response is required, the allegations in Paragraph 11.4 are denied.

9    11.5  State Defendants admit that Paragraph 11.5 accurately quotes

10   Wash. Admin. Code § 162-22-025(2). The regulation speaks for itself and

11   requires no response by way of factual pleading. To the extent any remaining

12   allegations contain averments of material fact requiring a response,

13   State Defendants deny the remaining allegations contained in Paragraph 11.5.

14   11.6  State Defendants admit that Paragraph 11.6 accurately quotes

15   *Gamble v. City of Seattle*, 6 Wash. App. 2d 883, 888–89, 431 P.3d 1091, 1094

16   (2018). The case speaks for itself and requires no response by way of factual

17   pleading. To the extent any remaining allegations contain averments of material

18   fact requiring a response, State Defendants deny the remaining allegations

19   contained in Paragraph 11.6.

20   11.7  State Defendants admit that Paragraph 11.7 accurately quotes

21   Wash. Admin. Code §§ 162-22-065(1)(b) and (2)(a). The regulations speak for

22   themselves and requires no response by way of factual pleading. To the extent

STATE DEFENDANTS' ANSWER TO
AMENDED COMPLAINT
NO. 2:21-cv-00288-TOR

28

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1    any remaining allegations contain averments of material fact requiring a

2    response, State Defendants deny the remaining allegations contained in

3    Paragraph 11.7.

4          11.8   State Defendants deny that any Plaintiff can establish a prima facie

5    case of discrimination, has been unlawfully denied reasonable accommodations,

6    or has suffered damages under Washington's Law Against Discrimination. The

7    remainder of Paragraph 11.8 contains legal conclusions and argument to which

8    no response is required. To the extent a further response is required, the

9    allegations in Paragraph 11.8 are denied.

10                    **XII.   NINTH CAUSE OF ACTION**

11                         **Cruel Punishment**

12          12.1   State Defendants incorporate by reference their answers to the

13    preceding paragraphs.

14          12.2   Paragraph 12.2 contains legal conclusions and argument to which

15    no response is required. The Washington State Constitution speaks for itself and

16    requires no response by way of factual pleading. To the extent any remaining

17    allegations contain averments of material fact requiring a response,

18    State Defendants deny the remaining allegations contained in Paragraph 12.2.

19          12.3   Paragraph 12.3 asserts legal conclusions and argument to which no

20    response is required. State Defendants admit that Paragraph 12.3 accurately

21    quotes Wash. Rev. Code § 43.06.220(5). To the extent any remaining allegations

22

STATE DEFENDANTS' ANSWER TO
AMENDED COMPLAINT
NO. 2:21-cv-00288-TOR

29

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1  contain averments of material fact requiring a response, State Defendants deny

2  the remaining allegations contained in Paragraph 12.3.

3      12.4   State Defendants deny Paragraph 12.4.

4      12.5   State Defendants deny Paragraph 12.5.

5      12.6   State Defendants deny Paragraph 12.6.

6  **XIII.  TENTH CAUSE OF ACTION**

7  **Negligent Infliction of Emotional Distress**

8      13.1   State Defendants admit that Paragraph 13.1 accurately quotes

9  *Strong v. Terrell*, 147 Wash. App. 376, 387, 195 P.3d 977, 982 (2008). The case

10  speaks for itself and requires no response by way of factual pleading. To the

11  extent a response is required, the allegations are denied.

12      13.2   State Defendants admit that Paragraph 13.2 accurately quotes

13  *Strong*, 147 Wash. App. at 388. The case speaks for itself and requires no

14  response by way of factual pleading. To the extent any remaining allegations

15  contain averments of material fact requiring a response, State Defendants deny

16  the remaining allegations contained in Paragraph 13.2.

17      13.3   State Defendants deny Paragraph 13.3.

18      13.4   State Defendants deny Paragraph 13.4.

19  **XIV.  ELEVENTH CAUSE OF ACTION**

20  **Battery**

21      14.1   State Defendants incorporate by reference their answers to the

22  preceding paragraphs.

STATE DEFENDANTS' ANSWER TO
AMENDED COMPLAINT
NO. 2:21-cv-00288-TOR

30

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1    14.2   State Defendants admit Paragraph 14.2 accurately quotes *Kumar v.*

2  *Gate Gourmet, Inc.*, 180 Wash. 2d 481, 504, 325 P.3d 193, 203 (2014). The case

3  speaks for itself and requires no response by way of factual pleading. To the

4  extent any remaining allegations contain averments of material fact requiring a

5  response, State Defendants deny the remaining allegations contained in

6  Paragraph 14.2.

7    14.3   State Defendants admit Paragraph 14.3 accurately quotes *Kumar*,

8  180 Wash. 2d at 504. The case speaks for itself and requires no response by way

9  of factual pleading. To the extent any remaining allegations contain averments of

10  material fact requiring a response, State Defendants deny the remaining

11  allegations contained in Paragraph 14.3.

12    14.4   State Defendants admit Paragraph 14.4 accurately quotes *Kumar*,

13  180 Wash. 2d at 504. The case speaks for itself and requires no response by way

14  of factual pleading. To the extent any remaining allegations contain averments of

15  material fact requiring a response, State Defendants deny the remaining

16  allegations contained in Paragraph 14.4.

17    14.5   State Defendants admit Paragraph 14.5 accurately quotes *Kumar*,

18  180 Wash. 2d at 504. The case speaks for itself and requires no response by way

19  of factual pleading. To the extent any remaining allegations contain averments of

20  material fact requiring a response, State Defendants deny the remaining

21  allegations contained in Paragraph 14.5.

22

STATE DEFENDANTS' ANSWER TO
AMENDED COMPLAINT
NO. 2:21-cv-00288-TOR

31

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1    14.6   State Defendants admit Paragraph 14.6 accurately quotes *Kumar*,

2    180 Wash. 2d at 504. The case speaks for itself and requires no response by way

3    of factual pleading. To the extent any remaining allegations contain averments of

4    material fact requiring a response, State Defendants deny the remaining

5    allegations contained in Paragraph 14.6.

6    14.7   State Defendants admit Paragraph 14.7 accurately quotes *Kumar*,

7    180 Wash. 2d at 504. The case speaks for itself and requires no response by way

8    of factual pleading. To the extent any remaining allegations contain averments of

9    material fact requiring a response, State Defendants deny the remaining

10   allegations contained in Paragraph 14.7.

11   14.8   State Defendants admit Paragraph 14.8 accurately quotes *Kumar*,

12   180 Wash. 2d at 504–05. The case speaks for itself and requires no response by

13   way of factual pleading. To the extent any remaining allegations contain

14   averments of material fact requiring a response, State Defendants deny the

15   remaining allegations contained in Paragraph 14.8.

16   14.9   State Defendants admit Paragraph 14.9 accurately quotes *Kumar*,

17   180 Wash. 2d at 505. The case speaks for itself and requires no response by way

18   of factual pleading. To the extent any remaining allegations contain averments of

19   material fact requiring a response, State Defendants deny the remaining

20   allegations contained in Paragraph 14.9.

21   14.10 State Defendants admit Paragraph 14.10 accurately quotes *Kumar*,

22   180 Wash. 2d at 505. The case speaks for itself and requires no response by way

STATE DEFENDANTS' ANSWER TO
AMENDED COMPLAINT
NO. 2:21-cv-00288-TOR

32

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

of factual pleading. To the extent any remaining allegations contain averments of material fact requiring a response, State Defendants deny the remaining allegations contained in Paragraph 14.10.

14.11 State Defendants admit Paragraph 14.11 accurately quotes *Dickinson v. Winther*, 151 Wash. App. 1041, 2019 WL 2437226, at *5 (Wash. Ct. App. Aug. 11, 2009) (unpublished). The case speaks for itself and requires no response by way of factual pleading. To the extent any remaining allegations contain averments of material fact requiring a response, State Defendants deny the remaining allegations contained in Paragraph 14.11.

14.12 State Defendants admit Paragraph 14.12 accurately quotes *Dickinson*, 2009 WL 2437226, at *5. The case speaks for itself and requires no response by way of factual pleading. To the extent any remaining allegations contain averments of material fact requiring a response, State Defendants deny the remaining allegations contained in Paragraph 14.12.

14.13 Paragraph 14.13 contains legal conclusions and argument to which no response is required. State Defendants admit that Paragraph 14.13 accurately quotes *Barker v. Walter Hogan Enterprises, Inc.*, 23 Wash. App. 450, 453, 596 P.2d 1359 (1979). To the extent any remaining allegations contain averments of material fact requiring a response, State Defendants deny the remaining allegations contained in Paragraph 14.13.

14.14 Paragraph 14.14 contains legal conclusions and argument to which no response is required. State Defendants admit that Paragraph 14.14 accurately

STATE DEFENDANTS' ANSWER TO
AMENDED COMPLAINT
NO. 2:21-cv-00288-TOR

33

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1  quotes *Barker*, 23 Wash. App. at 453. To the extent any remaining allegations

2  contain averments of material fact requiring a response, State Defendants deny

3  the remaining allegations contained in Paragraph 14.14.

4      14.15 State Defendants deny Paragraph 14.15.

5      14.16 State Defendants deny Paragraph 14.16.

6      14.17 State Defendants are without sufficient information regarding the

7  vaccination status of all Plaintiffs, and therefore deny the same. The remainder

8  of Paragraph 14.17 contains legal conclusions and argument to which no response

9  is required. To the extent a further response is required, the remaining allegations

10  in Paragraph 14.17 are denied.

11      14.18 State Defendants deny Paragraph 14.18.

12      14.19 State Defendants deny Paragraph 14.19.

13      14.20 State Defendants deny Paragraph 14.20.

14      14.21 Paragraph 14.21 contains legal conclusions and argument to which

15  no response is required. To the extent a further response is required, the

16  allegations in Paragraph 14.21 are denied.

17      14.22 State Defendants deny paragraph 14.22.

18      14.23 State Defendants deny paragraph 14.23.

19      14.24 State Defendants deny paragraph 14.24.

20          **XV.   PRAYER FOR RELIEF**

21      Paragraphs 15.1 through 15.8 of the Amended Complaint constitute

22  Plaintiffs' prayer for relief, to which no response is required. To the extent a

STATE DEFENDANTS' ANSWER TO
AMENDED COMPLAINT
NO. 2:21-cv-00288-TOR

34

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1  response is required, State Defendants deny Plaintiffs are entitled to the relief

2  requested or to any relief whatsoever.

3              **STATE DEFENDANTS' AFFIRMATIVE DEFENSES**

4          State Defendants' affirmative defenses to the Complaint are set forth below.

5  By setting forth the following defenses, State Defendants do not assume burden of

6  proof on the matter and issue other than those on which they have the burden of

7  proof as a matter of law. State Defendants reserve the right to supplement these

8  defenses.

9      1.    State Defendants are entitled to qualified immunity.

10     2.    Plaintiffs have failed to exhaust administrative remedies.

11     3.    Plaintiffs have failed to file claims against the State under

12  Wash. Rev. Code § 4.92.100.

13     4.    Plaintiffs lack standing.

14     5.    Plaintiffs' claims are moot.

15     6.    Plaintiffs' claims are unripe.

16     7.    Plaintiffs have failed to state a claim upon which relief may be

17  granted.

18     8.    Plaintiffs' claims alleging violations of state law are barred by the

19  Eleventh Amendment and principles of sovereign immunity.

20     9.    Plaintiffs have an adequate remedy at law and so injunctive and

21  declaratory relief are inappropriate.

22

STATE DEFENDANTS' ANSWER TO
AMENDED COMPLAINT
NO. 2:21-cv-00288-TOR

35

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1    10.    Plaintiffs' claims are barred in whole or in part by the doctrines of

2   laches, waiver, unclean hands, accord and satisfaction, and/or ratification.

3    11.    Plaintiffs have failed to join necessary parties.

4    12.    Plaintiffs' claims are barred by res judicata.

5    13.    Plaintiffs' claims are barred by collateral estoppel.

6    14.    The Proclamation furthers the legitimate and compelling government

7   interests in combatting the COVID-19 pandemic.

8    15.    The Proclamation is an appropriate use of the state's police power to

9   protect public health and welfare.

10    16.    The Proclamation is a lawful exercise, and an appropriate use, of the

11   emergency powers of the Governor.

12    17.    The Proclamation is neutral and generally applicable.

13    **STATE DEFENDANTS' REQUEST FOR RELIEF**

14   Wherefore, State Defendants pray that the Court:

15    1.    Dismiss Plaintiffs' Amended Complaint with prejudice;

16    2.    Deny all relief that Plaintiffs request;

17    3.    Grant State Defendants their costs and reasonable attorneys' fees;

18   and,

19    4.    Grant State Defendants such other and further relief as the Court

20   may deem just and proper.

21

22

STATE DEFENDANTS' ANSWER TO
AMENDED COMPLAINT
NO. 2:21-cv-00288-TOR

36

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1    DATED this 31st day of January 2022.

2                              ROBERT W. FERGUSON
                              Attorney General
3
                              /s/ Cristina Sepe
4                             CRISTINA SEPE, WSBA #53609
                              ANDREW HUGHES, WSBA #49515
5                             Assistant Attorneys General
                              Complex Litigation Division
6                             800 Fifth Avenue, Suite 2000
                              Seattle, WA 98104-3188
7                             (206) 464-7744
                              Cristina.Sepe@atg.wa.gov
8                             Andrew.Hughes@atg.wa.gov

9                             ZACHARY PEKELIS, WSBA #44557
                              KAI A. SMITH, WSBA #54749
10                            Special Assistant Attorneys General
                              PACIFICA LAW GROUP LLP
11                            1191 2nd Ave., Suite 2000
                              Seattle, WA 98101
12                            (206) 245-1700
                              zach.pekelis@pacificalawgroup.com
13                            kai.smith@pacificalawgroup.com

14                            *Attorneys for Defendants Governor Jay Inslee,
                              Donald Clintsman, John Batiste, and
15                            Roger Millar*

16

17

18

19

20

21

22

1

## <u>DECLARATION OF SERVICE</u>

2

I hereby certify that on this day I caused the foregoing document to be

3

electronically filed with the Clerk of the Court using the CM/ECF System, which

4

in turn automatically generated a Notice of Electronic Filing (NEF) to all parties

5

in the case who are registered users of the CM/ECF system. The NEF for the

6

foregoing specifically identifies recipients for electronic notice.

7

DATED this 31st day of January 2022, at Tacoma, Washington.

8

*/s/ Cristina Sepe*

9

CRISTINA SEPE, WSBA #53609
Assistant Attorney General

10

11

12

13

14

15

16

17

18

19

20

21

22

STATE DEFENDANTS' ANSWER TO
AMENDED COMPLAINT
NO. 2:21-cv-00288-TOR

38

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744