1

2

3

4

5                UNITED STATES DISTRICT COURT

6                EASTERN DISTRICT OF WASHINGTON

7   TRAVIS WISE, et al.,

                                          NO. 2:21-CV-0288-TOR
8                          Plaintiffs,

                                          ORDER DENYING PLAINTIFFS'
9        v.                               MOTION FOR LEAVE TO FILE
                                          SECOND AMENDED COMPLAINT
10  GOVERNOR JAY INSLEE, et al.,          AND GRANTING DEFENDANTS'
                                          MOTIONS FOR JUDGMENT ON
11                         Defendants.    THE PLEADINGS

12

13       BEFORE THE COURT are Plaintiffs' Motion for Leave to File Second

14  Amended Complaint (ECF No. 71) and Defendants' Motions for Judgment on the

15  Pleadings (ECF Nos. 69, 72).  These matters were submitted for consideration with

16  oral argument on April 27, 2022.  Milton Rowland and Grant Wolf appeared on

17  behalf of Plaintiffs.  Cristina Sepe appeared on behalf of the State Defendants and

18  Elizabeth Kennar and J. Chad Mitchell appeared on behalf of Defendant Schaeffer.

19  The Court has reviewed the record and files herein, considered the parties oral

20  arguments, and is fully informed.  For the reasons discussed below, Plaintiffs'

    ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE
    SECOND AMENDED COMPLAINT AND GRANTING DEFENDANTS'
    MOTIONS FOR JUDGMENT ON THE PLEADINGS ~ 1

Motion for Leave to File Second Amended Complaint (ECF No. 71) is **DENIED,** and Defendants' Motions for Judgment on the Pleadings (ECF Nos. 69, 72) are **GRANTED**.

## BACKGROUND

This matter relates to Governor Inslee's Proclamation 21-14 *et seq*. (the "Proclamation") regarding vaccination requirements for certain state employees. The factual background is discussed in detail in the Court's Order Denying Motion for Temporary Restraining Order.  ECF No. 55.  Plaintiffs allege the Proclamation violates a variety of state and federal laws, including constitutional law, statutory law, and state common law.  ECF No. 26.  Defendants Inslee, Clintsman, Batiste, and Millar (collectively "State Defendants") and Defendant Schaeffer move for judgment on the pleadings, arguing Plaintiffs have failed to state claims for which relief may be granted.  ECF Nos. 69, 72.  Plaintiffs oppose the motion, and also seek leave to file a Second Amended Complaint.  ECF No. 71.

## DISCUSSION

### I.  Motion for Leave to Amend

Federal Rule of Civil Procedure 15(a) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave," which "[t]he court should freely give . . . when justice so requires."  Fed. R. Civ. P. 15(a)(2).  The Ninth Circuit has directed that this policy be applied with "extreme

ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE
SECOND AMENDED COMPLAINT AND GRANTING DEFENDANTS'
MOTIONS FOR JUDGMENT ON THE PLEADINGS ~ 2

liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citation omitted).  In ruling upon a motion for leave to amend, a court must consider whether the moving party acted in bad faith or unduly delayed in seeking amendment, whether the opposing party would be prejudiced, whether an amendment would be futile, and whether the movant previously amended the pleading.  *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011).  "Absent prejudice, or a strong showing of any of the remaining [ ] factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend."  *C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 985 (9th Cir. 2011) (citation omitted) (emphasis in original).

Here, Plaintiffs seek leave to file a Second Amended Complaint.  ECF No. 71.  Plaintiffs filed their First Amended Complaint as of right on October 15, 2021.  ECF No. 26.  On that same day, Plaintiffs also filed a Motion for Temporary Restraining Order/Preliminary Injunction.  ECF No. 13.  The Court denied the motion, finding Plaintiffs had failed to establish a likelihood of success on the merits.  ECF No. 55.  The parties communicated in November and December regarding Plaintiffs' Proposed Second Amended Complaint ("PSAC").  ECF Nos. 71 at 4; 75 at 4.  Despite assuring Defendants they would receive a copy of the PSAC by November 31, 2021, Defendants did not receive a draft until sometime in late December 2021 and the draft was incomplete.  *Id*.  In January 2022, Plaintiffs

ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE
SECOND AMENDED COMPLAINT AND GRANTING DEFENDANTS'
MOTIONS FOR JUDGMENT ON THE PLEADINGS ~ 3

1    advised Defendants a final draft was forthcoming but never provided an expected

2    completion date.  ECF No. 75 at 4.

3        After extending the deadline to answer the First Amended Complaint three

4    times, Defendants filed their Answer on January 31, 2022.  *Id*.  Defendants filed

5    their Motions for Judgment on the Pleadings on March 3 and 4, 2022.  ECF Nos.

6    69, 72.  On March 3, 2022, Plaintiffs emailed Defendants a copy of the final

7    PSAC.  ECF No. 75 at 4.

8        The Court finds Plaintiffs unduly delayed seeking leave to amend.

9    Plaintiffs' stated reasons for delay are insufficient to justify a months-long delay,

10   particularly where the PSAC does not appear to contain any facts or information

11   not already known to Plaintiffs at the time the First Amended Complaint was filed.

12   In any event, having reviewed the PSAC, the Court also finds amendment would

13   be futile.

14       First, neither the additional facts nor the new plaintiffs in the PSAC appear

15   to arise from newly discovered evidence, and Plaintiffs do not advance any

16   arguments as to why they could not have been included in the First Amended

17   Complaint.  *See* ECF No. 71-2 at 7–12, ¶¶ 2.5.4–2.5.75; 14–15, ¶¶ 3.7–3.11.

18   Relatedly, many of Plaintiffs new factual allegations primarily concern their claims

19   under the ADA and Title VII, which are both untenable due to Plaintiffs' failure to

20

ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE
SECOND AMENDED COMPLAINT AND GRANTING DEFENDANTS'
MOTIONS FOR JUDGMENT ON THE PLEADINGS ~ 4

1   exhaust their administrative remedies.  *See, e.g., id.* at 15, ¶¶ 3.10–3.11; at 19, ¶

2   3.29; at 26–29, ¶¶ 3.69–3.83.

3        Next, the new legal theories in the PSAC fail as a matter of law.  First,

4   Plaintiffs' proposed preemption claim appears to allege the Proclamation is

5   preempted by the Food, Drug, and Cosmetics Act ("FDCA"), 21 U.S.C § 360bbb-

6   3, because the FDCA prohibits vaccines approved under emergency use

7   authorization from being forced upon individuals.  ECF No. 71-2 at 51–52.  As an

8   initial matter, the Proclamation does not require anyone to receive a vaccine; it

9   merely establishes employment requirements for certain state employees.  Next,

10  the FDCA has an exhaustion requirement, and Plaintiffs have not indicated they

11  have taken any steps to exhaust their administrative remedies.  *Ass'n of Am.*

12  *Physicians & Surgeons, Inc. v. Food & Drug Admin.*, 539 F. Supp. 2d 4, 21

13  (D.D.C. 2008) (citing 21 C.F.R. §§ 10.30, 10.25).  Moreover, judicial review is

14  unavailable for decisions that are committed to agency discretion as a matter of

15  law.  *City & Cty. of San Francisco v. U.S. Dep't of Transp.*, 796 F.3d 993, 1001

16  (9th Cir. 2015) (quoting 5 U.S.C. § 701(a)(2)).  The provisions of the FDCA

17  expressly reserve decisions regarding emergency use authorizations for vaccines

18  and other medications to agency discretion.  21 U.S.C. §360bbb-3(i) ("Actions

19  under the authority of this section by the Secretary, by the Secretary of Defense, or

20  by the Secretary of Homeland Security are committed to agency discretion.").

ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE
SECOND AMENDED COMPLAINT AND GRANTING DEFENDANTS'
MOTIONS FOR JUDGMENT ON THE PLEADINGS ~ 5

Consequently, even if Plaintiffs presented cognizable preemption claim under the

FDCA, the Court would be unable to provide the relief Plaintiffs seek.

Next, Plaintiffs seek to add a claim for religious discrimination under Title

VII and a claim for violation of the Establishment Clause. ECF No. 71-2 at 49–51;

at 36, ¶ 6.7–6.25. Plaintiffs do not present any arguments regarding the validity of

either claim in their Motion for Leave to File Second Amended Complaint; instead,

Plaintiffs address the proposed claims in their Response to Defendants' Motions

for Judgment on the Pleadings. Therefore, the Court discusses the issues below.

*See infra* Section II.H.

Because Plaintiffs unduly delayed seeking amendment and because

amendment would be futile, Plaintiffs Motion for Leave to File Second Amended

Complaint is denied.

## II.   Motion for Judgment on the Pleadings

"After the pleadings are closed—but early enough not to delay trial—a party

may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). In reviewing a

12(c) motion, the court "must accept all factual allegations in the complaint as true

and construe them in the light most favorable to the non-moving party." *Fleming*

*v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). "Analysis under Rule 12(c) is

substantially identical to analysis under Rule 12(b)(6) because, under both rules, a

court must determine whether the facts alleged in the complaint, taken as true,

1   entitle the plaintiff to a legal remedy." *Chavez v. United States*, 683 F.3d 1102,

2   1108 (9th Cir. 2012) (internal quotation marks and citation omitted).  "A judgment

3   on the pleadings is properly granted when, taking all the allegations in the non-

4   moving party's pleadings as true, the moving party is entitled to judgment as a

5   matter of law." *Marshall Naify Revocable Trust v. United States*, 672 F.3d 620,

6   623 (9th Cir. 2012) (quoting *Fajardo v. Cty. of Los Angeles*, 179 F.3d 698, 699

7   (9th Cir. 1999)).

8       "Federal pleading rules call for 'a short and plain statement of the claim

9   showing that the pleader is entitled to relief,' Fed. Rule Civ. Proc. 8(a)(2); they do

10  not countenance dismissal of a complaint for imperfect statement of the legal

11  theory supporting the claim asserted." *Johnson v. City of Shelby, Miss.*, 574 U.S.

12  10, 11 (2014) (citation omitted).

13      **A.   Supplemental Jurisdiction**

14      The Amended Complaint raises several state constitutional and common law

15  violations.  ECF No. 26.  In their Response to the present motions, Plaintiffs seek

16  to dismiss the state law tort claims, the takings claims under the State and federal

17  constitutions, the cruel punishment claims under the Washington and federal

18  constitutions, and the violation of the Commerce clause claims under Art. I, § 8, cl.

19  3 and the federal constitution.  *See* ECF No. 81 at 3.  However, other state law

20  causes of action remain.  This Court may exercise supplemental jurisdiction over

state law claims pursuant to 28 U.S.C. § 1367, but the decision is discretionary. *Acri v. Varian Assocs., Inc*., 114 F.3d 999, 1000 (9th Cir. 1997), *supplemented*, 121 F.3d 714 (9th Cir. 1997), *as amended*, (Oct. 1, 1997).  In the interests of judicial economy, convenience, fairness, and comity, the Court declines supplemental jurisdiction over Plaintiffs' state law claims and will address only the challenges to federal law.

Relatedly, the Court declines to address Plaintiffs' request to certify state law questions to the Washington Supreme Court at this time.  ECF No. 81 at 4.

### B.  Free Exercise Clause

Plaintiffs allege the Proclamation violates the Free Exercise Clause of the United State Constitution because it impairs their ability to freely exercise their sincerely held religious beliefs.  ECF No. 26 at 20, ¶ 6.4.  As an initial matter, the Court notes that Plaintiffs continue to rely almost entirely on Washington caselaw for their federal free exercise claim.  ECF No. 81 at 17–20.  More bizarrely, Plaintiffs even go so far as to argue that federal constitutional validity can be determined under either state or federal constitutional law.  ECF No. 81 at 10; at 17.  This argument is blatantly incorrect.

Plaintiffs concede the Proclamation is facially neutral but argue strict scrutiny should apply, nonetheless.  ECF No. 26 at 20, ¶ 6.4.  The Supreme Court has long endorsed state and local government authority to impose compulsory

ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE
SECOND AMENDED COMPLAINT AND GRANTING DEFENDANTS'
MOTIONS FOR JUDGMENT ON THE PLEADINGS ~ 8

vaccines. *See Jacobsen v. Commonwealth of Massachusetts*, 197 U.S. 11 (1905); *Prince v. Massachusetts*, 321 U.S. 158 (1944) ("The right to practice religion freely does not include liberty to expose the community or the child to communicable disease or the latter to ill health or death."). While challenges to free exercise of religion are traditionally subject to strict scrutiny, facially neutral and generally applicable state regulations need only support rational basis, even if they incidentally burden religious practices. *Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520, 531 (1993); *Does 1-6 v. Mills,* 16 F.4th 20, 29 (1st Cir. 2021), *cert. denied sub nom. Does 1-3 v. Mills*, 142 S. Ct. 1112 (2022).

A law is not generally applicable if the record before the court "compels the conclusion" that suppression of religion or religious practice is the object of the law at issue. *Lukumi*, 508 U.S. at 534. The object of the Proclamation is clear: slow the spread of COVID-19. There is no discriminatory animus or objective. As this Court has previously noted, the Proclamation applies with equal force to all educators, healthcare workers, and state employees and contractors, regardless of religious affiliation—or lack thereof. ECF No. 55 at 7. Moreover, the Proclamation recognizes exemptions for those who qualify for accommodations due to their sincerely held religious beliefs; there are no comparable secular exemptions. Plaintiffs have failed to allege facts that would "compel[] the conclusion" that suppression of religion is the object of the Proclamation.

ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE
SECOND AMENDED COMPLAINT AND GRANTING DEFENDANTS'
MOTIONS FOR JUDGMENT ON THE PLEADINGS ~ 9

1    As challenges to COVID-19 vaccine mandates have progressed, this Court,

2    and others across the country, have held facially neutral and generally applicable

3    state vaccination mandates are subject only to rational basis.  *See, e.g.*, ECF No.

4    55; *Bacon v. Woodward*, No. 2:21-CV-0296-TOR, 2021 WL 5183059 (E.D.

5    Wash., Nov. 8, 2021); *Does 1-6 v. Mills*, 16 F.4th 20, 29 (1st Cir. 2021), *cert.*

6    *denied sub nom. Does 1-3 v. Mills*, 142 S. Ct. 1112 (2022); *Kane v. De Blasio*, 19

7    F.4th 152, 164 (2d Cir. 2021).  Here, the State clearly has a legitimate government

8    interest in preventing the spread of COVID-19, an interest that has been endorsed

9    by the Ninth Circuit.  *Slidewaters LLC v. Washington State Dep't of Lab. & Indus.*,

10   4 F.4th 747, 758 (9th Cir. 2021); *Doe v. San Diego Unified Sch. Dist.*, 19 F.4th

11   1173, 1177 (9th Cir. 2021), *reconsideration en banc denied,* 22 F.4th 1099 (9th

12   Cir. 2022).  Additionally, the Proclamation is rationally related to that interest

13   because it is based on overwhelming evidence that the vaccines are safe and

14   effective, and increasing vaccination rates among those employees who come into

15   regular contact with vulnerable populations is a rational action to reduce the spread

16   of COVID-19.  Accordingly, the Proclamation easily survives federal

17   constitutional scrutiny; Plaintiffs have failed to state a federal Free Exercise claim

18   upon which relief may be granted.

19   Plaintiffs also raise an Establishment Clause challenge in their Response to

20   Defendant Schaeffer's Motion for Judgment on the Pleadings.  ECF No. 82 at 9–

ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE
SECOND AMENDED COMPLAINT AND GRANTING DEFENDANTS'
MOTIONS FOR JUDGMENT ON THE PLEADINGS ~ 10

12.  This claim is not alleged in the Amended Complaint but is added to the PSAC.

ECF No. 36, ¶ 6.7–6.25.  This claim also fails as a matter of law.  In determining

whether a government action violates the Establishment Clause, the Ninth Circuit

applies the *Lemon* test.  *Cath. League for Religious & C.R. v. City & Cty. of San

Francisco*, 567 F.3d 595, 599 (9th Cir. 2009), *on reh'g en banc,* 624 F.3d 1043

(9th Cir. 2010).  "Government action will pass muster if it (1) has a secular

purpose; (2) has a principal or primary effect that neither advances nor disapproves

of religion; and (3) does not foster excessive governmental entanglement with

religion." *Id.*

Here, the Proclamation has a secular purpose: to slow the spread of COVID-

19.  As to the second prong, the primary effect of the Proclamation is to increase

vaccine rates among the affected employees.  Finally, the Proclamation does not

promote government entanglement with religion, nor do Plaintiffs attempt to argue

that is does.  *See* ECF No. 82 at 12.  There are no additional facts in the PSAC

from which the Court could infer an Establishment Clause violation.  Thus,

Plaintiffs' proposed claim that the Proclamation violates the Establishment Clause

fails as a matter of law.

## C.  Procedural Due Process

Plaintiffs allege the Proclamation violates their procedural due process rights

because they were not afforded a meaningful opportunity to be heard regarding the

denial of their exemption and accommodation requests.  ECF No. 26 at 23–24, ¶¶ 7.1–7.4.

The purpose of a *Loudermill* hearing is to provide an entitled employee notice and the opportunity to be heard prior to termination.  *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985).  However, when a policy is generally applicable, employees are not "entitled to process above and beyond the notice provided by the enactment and publication" of the policy itself.  *Harris v. Univ. of Massachusetts, Lowell,* No. 21-CV-11244-DJC, 2021 WL 3848012, at *5 (D. Mass. Aug. 27, 2021).  District courts around the country have applied this principle to employer-issued vaccine mandates during the COVID-19 pandemic, finding employees are not entitled to greater service than what is provided by enactment of the mandates themselves.  *See, e.g.*, *id.*; *Valdez v. Grisham*, --- F. Supp. 3d ---, No. 21-CV-783 MV/JHR, 2021 WL 4145746, at *9 (D.N.M. Sept. 13, 2021); *Bauer v. Summey*, --- F. Supp. 3d ---, No. 2:21-CV-02952-DCN, 2021 WL 4900922, at *7 (D.S.C. Oct. 21, 2021).

Here, Plaintiffs do not dispute that the Proclamation is generally applicable.  Thus, Defendants were not required to provide Plaintiffs with more process beyond what was provided by enacting the Proclamation.  Moreover, it appears some Plaintiffs received greater process than what was required.  For instance, some Plaintiffs received letters from the Department of Social and Health Services

ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT AND GRANTING DEFENDANTS' MOTIONS FOR JUDGMENT ON THE PLEADINGS ~ 12

1   outlining an alternative process for requesting exemptions and accommodations.

2   *See, e.g.*, ECF No. 26 at 6–7, ¶¶ 3.5–3.6.  Other Plaintiffs evidently participated in

3   "meetings somewhat like *Loudermill* hearings."  ECF No. 81 at 5.  Plaintiffs fail to

4   articulate how these processes, which are greater than the constitutional minimums

5   required, violate their procedural due process rights.  Similarly, Plaintiffs have

6   failed to establish why they were entitled to process greater than what was

7   provided in the Proclamation's enactment.  As such, Plaintiffs' have failed to state

8   a procedural due process claim upon which relief may be granted.

### D.   Substantive Due Process

10   Plaintiffs allege the Proclamation violates several of their other substantive

11   due process rights, including the right to "autonomy over one's medical care," the

12   "right to refuse treatment," and the right to be free from deprivation of "life,

13   liberty, or property."  ECF No. 26 at 24–25, ¶¶ 8.1–8.6.

14   As previously stated, the Proclamation does not require individuals to get

15   vaccinated; it simply creates employment requirements for certain state workers.

16   Plaintiffs can choose to get vaccinated and remain employed by the State or they

17   can decline vaccination and seek an accommodation.  Alternatively, they can

18   decline vaccination and seek employment elsewhere.  Next, there is no

19   fundamental right to continued employment in a particular job.  *Kupau v. U.S.*

20   *Dep't of Lab.*, 597 F. Supp. 2d 1113, 1123 (D. Haw. 2009) (citing *Massachusetts*

ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE
SECOND AMENDED COMPLAINT AND GRANTING DEFENDANTS'
MOTIONS FOR JUDGMENT ON THE PLEADINGS ~ 13

1   *Board of Retirement v. Murgia,* 427 U.S. 307, 313 (1976)). "When the state acts as

2   employer, the court must consider the 'crucial difference . . . between the

3   government exercising the power to regulate or license, as lawmaker, and the

4   government acting as proprietor, to manage [its] internal operation.'" *Burcham v.*

5   *City of Los Angeles*, No. 221CV07296RGKJPR, 2022 WL 99863, at *7 (C.D. Cal.

6   Jan. 7, 2022) (quoting *Engquist v. Or. Dep't of Agr.*, 553 U.S. 591, 598 (2008)).

7   The Supreme Court has recognized that "government has significantly greater

8   leeway in its dealings with citizen employees" than when it exercises its sovereign

9   powers over its citizens at large.  *Engquist*, 553 U.S. at 599.

10      The Ninth Circuit also has a narrow view of substantive due process

11   violations in the context of employment, recognizing violations only where there

12   has been "a complete prohibition of the right to engage in a calling." *Culinary*

13   *Studios, Inc. v. Newsom*, 517 F. Supp. 3d 1042, 1069 (9th Cir. 2021).  Specifically,

14   such violations are limited to "extreme cases" in which "an employee has been

15   blacklisted, de-licensed, or stigmatized to such an extent that it is virtually

16   impossible for the employee to find new employment in his chosen field." *Moody*

17   *v. Cty. of Santa Clara*, No. 5:15-CV-04378-EJD, 2019 WL 6311406, at *4 (N.D.

18   Cal. Nov. 25, 2019) (quoting *Engquist v. Oregon Dep't of Agric.*, 478 F.3d 985,

19   997 (9th Cir. 2007), *aff'd sub nom. Engquist v. Oregon Dep't of Agr.*, 553 U.S. 591,

20   (2008)) (internal quotations omitted).  Where a fundamental right is not at issue,

ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE
SECOND AMENDED COMPLAINT AND GRANTING DEFENDANTS'
MOTIONS FOR JUDGMENT ON THE PLEADINGS ~ 14

1  rational basis is the applicable standard.  *Culinary Studios, Inc*., 517 F. Supp. 3d at

2  1068.

3          Here, Plaintiffs are not completely prohibited from seeking employment in

4  their respective fields; they are free to seek employment with employers that do not

5  require vaccination or that have accommodations available for unvaccinated

6  employees.  Plaintiffs have not asserted any facts indicating they have been

7  "blacklisted, de-licensed, or stigmatized."  *Moody*, 2019 WL 6311406, at *4.

8  Moreover, the Proclamation survives rational basis review because it is rationally

9  related to the State's legitimate interest in stemming the spread of COVID-19

10  among its employees who come into close contact with vulnerable members of the

11  population.  Accordingly, Plaintiffs have failed to state a claim for a substantive

12  due process violation upon which relief may be granted.

13          **E.  Contract Clause**

14          Plaintiffs allege the Proclamation interferes with their collective bargaining

15  agreements in violation of the Contracts Clause.  ECF No. 26 at 25–26, ¶¶ 9.6–

16  9.10.

17          To state a claim for a violation of the Contract Clause, plaintiffs must satisfy

18  a two-part inquiry.  *Sveen v. Melin*, 138 S.Ct. 1815, 1821 (2018).  First, plaintiffs

19  must show the law at issue "operated as a substantial impairment of a contractual

20  relationship."  *Id*. at 1821–22.  To determine whether there was a substantial

ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE
SECOND AMENDED COMPLAINT AND GRANTING DEFENDANTS'
MOTIONS FOR JUDGMENT ON THE PLEADINGS ~ 15

impairment, courts look to "the extent to which the law undermines the contractual bargain, interferes with a party's reasonable expectations, and prevents the party from safeguarding or reinstating his rights." *Id.* at 1822.  If there is a substantial impairment, courts next turn to whether the law at issue "is drawn in an appropriate and reasonable way to advance a significant and legitimate public purpose." *Apartment Ass'n of Los Angeles Cty., Inc. v. City of Los Angeles*, 10 F.4th 905, 913 (9th Cir. 2021).  When the government is a party to a contract, a heightened scrutiny is applied.  *Id.*

Although Plaintiffs argue the Proclamation has significantly changed the terms of their employment, they have not provided copies of their collective bargaining agreements or stated the material provisions that have allegedly been modified.  Rather, Plaintiffs have simply included hyperlinks to the agreements in a footnote, indicating the "contracts are all public records and they can all be found online." ECF No. 81 at 28 n.15.  The Court will not go on a fishing expedition to parse out Plaintiffs' arguments for them.  Moreover, Plaintiffs' argument that simply referring to the existence of the collective bargaining agreements is sufficient to survive the minimum pleading standards is incorrect.  ECF No. 81 at 27.  Plaintiffs must allege enough facts to demonstrate they are entitled to relief.  Beyond a general recitation of caselaw, Plaintiffs do not allege any facts demonstrating they are entitled to relief from a Contract Clause violation.  ECF

ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT AND GRANTING DEFENDANTS' MOTIONS FOR JUDGMENT ON THE PLEADINGS ~ 16

Nos. 26 at 25–27, ¶¶ 9.1–9.10; 81 at 27–29.

In any event, the Court need not decide whether the Proclamation is a substantial impairment of contractual relations because there is no doubt that it is an appropriate and reasonable way to advance a significant and legitimate public purpose, which is curbing the spread of COVID-19.  *See Apartment Ass'n of Los Angeles Cty., Inc*, 10 F.4th at 913 (declining to decide whether an eviction moratorium during the COVID-19 pandemic constituted a substantial impairment because the moratorium was appropriate and reasonable under the circumstances); *see also Slidewaters LLC*, 4 F.4th at 758.

Even applying a heightened scrutiny, the Proclamation serves the State's compelling interest in reducing COVID-19 infections.  *See Roman Cath. Diocese of Brooklyn v. Cuomo*, 141 S. Ct. 63, 67 (2020) ("Stemming the spread of COVID–19 is unquestionably a compelling interest."); *see also Auracle Homes, LLC v. Lamont*, 478 F. Supp. 3d 199, 225–26 (D. Conn. 2020); *Jevons v. Inslee*, --- F. Supp. 3d ---, No. 1:20-CV-3182-SAB, 2021 WL 4443084, at *10 (E.D. Wash. Sept. 21, 2021); *Massachusetts Correction Officers Federated Union v. Baker*, --- F. Supp. 3d ---, No. 21-11599-TSH, 2021 WL 4822154, at *5 (D. Mass. Oct. 15, 2021); *Valdez v. Grisham*, --- F. Supp. 3d ---, No. 21-CV-783 MV/JHR, 2021 WL 4145746, at *11 (D. N.M. Sept. 13, 2021).

Because Plaintiffs do not advance any cognizable arguments that the

ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE
SECOND AMENDED COMPLAINT AND GRANTING DEFENDANTS'
MOTIONS FOR JUDGMENT ON THE PLEADINGS ~ 17

Proclamation is an unreasonable and inappropriate response to COVID-19, they have failed to allege a Contracts Clause violation upon which relief can be granted.

### F.    Americans with Disabilities Act

Beyond a general recitation of ADA statutory law and caselaw, the Amended Complaint does not contain any facts alleging disability discrimination. *See* ECF No. 26 at 27–30, ¶¶ 10.1–10.16.  Regardless, Plaintiffs' ADA claim fails as a matter of law because they have failed to exhaust their administrative remedies, which is a threshold requirement for filing an ADA claim in federal court.  *See* ECF No. 55 at 9–11.  The PSAC does not remedy this defect but instead attempts to argue the administrative process would be futile due to the agency backlog.  ECF No. 71-2 at 48–49, ¶¶ 10.1–10.6.  Plaintiffs' failure to file claims with the EEOC before the agency became "inundated with claims" cannot overcome the exhaustion requirement.  Consequently, Plaintiffs have failed to state an ADA claim upon which relief may be granted and amendment would be futile.

### G.   Title VII

Plaintiffs do not allege Title VII violations in their Amended Complaint; however, if permitted to file their PSAC, Plaintiffs intend to replace their Washington Law Against Discrimination ("WLAD"), RCW 49.60 *et seq*., claim with a Title VII claim on the grounds that Title VII is "simply the federal counterpart" to the Washington law.  ECF No. 82 at 2.  Alternatively, if the Court

finds the Title VII claim untenable, Plaintiffs argue the claim should be incorporated under their § 1983 claim. *Id.* at 2 n.1.

The Court declines to exercise jurisdiction over Plaintiffs' WLAD claim but will review the proposed Title VII claim for the purpose of evaluating Plaintiffs' PSAC. The Court finds amending the WLAD claim to either a Title VII or § 1983 claim would be futile because the claim fails as a matter of law.

It is well settled law that exhaustion of administrative remedies is a prerequisite to filing a Title VII claim in district court. *Gobin v. Microsoft Corp.*, No. C20-1044 MJP, 2021 WL 148395, at *4 (W.D. Wash. Jan. 15, 2021) (citing 42 U.S.C. § 12117(a) and *Santa Maria v. Pac. Bell*, 202 F.3d 1170, 1176 (9th Cir. 2000), *overruled on other grounds*). Plaintiffs do not deny they have not exhausted their administrative remedies. Instead, they attempt to circumvent the requirement by incorporating the claim under their § 1983 claim, asserting exhaustion is merely an affirmative defense, or claiming that exhaustion is futile. ECF No. 82 at 3–4. Each argument is a clear misapprehension of the law.

First, while a discrimination claim can be brought under § 1983 without exhausting administrative remedies (*see Roberts v. College of the Desert*, 870 F.2d 1411, 1415–16 (9th Cir. 1988)), courts evaluating the interplay between Title VII and § 1983 have found that where a plaintiff fails to establish the prima facie elements of a Title VII claim, the plaintiff will also fail to establish a § 1983 claim

ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT AND GRANTING DEFENDANTS' MOTIONS FOR JUDGMENT ON THE PLEADINGS ~ 19

premised on the same facts.  *Lawson v. Washington*, 296 F.3d 799, 806 (9th Cir. 2002); *Shabazz v. Oakland Unified Sch. Dist.*, No. C 03-2071 VRW, 2005 WL 1513148, at *7 (N.D. Cal. June 22, 2005).

Here, Plaintiffs have failed to allege facts that would support the prima facie elements for workplace discrimination because there is no indication that Plaintiffs faced adverse employment decisions due to their sincerely held religious beliefs rather than a failure to comply with the Proclamation.  First, it is unclear whether all Plaintiffs actually faced adverse employment decisions; some chose to get vaccinated or to accept the available accommodations.  *See, e.g.*, ECF No. 71-2 at ¶¶ 3.9, 3.26, 3.31, 3.41.  Those whose positions were terminated allege they applied for accommodation, but accommodations were simply unavailable.  *See, e.g.*, *id.* at 15, ¶¶ 3.9, 3.11, 3.29.  These facts do not support a failure-to-accommodate claim under Title VII.

Next, it is well-settled that Title VII's exhaustion requirement is a procedural prerequisite to filing suit in federal district court.  *Fort Bend County, Texas v. Davis*, 139 S. Ct. 1843 (2019).  Plaintiffs' cited cases are inapplicable. *Jones v. Bock*, 549 U.S. 199 (2007) related to administrative remedies under the Prison Litigation Reform Act, not Title VII, and *DiPetto v. United States Postal Service*, 383 Fed. Appx. 102 (2d Cir. 2010) related to federal employee claims under Title VII, which are governed by different regulations.  *Compare* 29 C.F.R.

ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE
SECOND AMENDED COMPLAINT AND GRANTING DEFENDANTS'
MOTIONS FOR JUDGMENT ON THE PLEADINGS ~ 20

1    § 1601 *et seq.* with 29 C.F.R. § 1614 *et seq.*

2    Finally, Plaintiffs have failed to establish the futility exception applies to

3    their situation, particularly where there are serious questions regarding the

4    applicability of the exception to Title VII. *See Thomas v. McCarthy*, 714 Fed.

5    Appx. 674, 676 (9th Cir. 2017) (declining to determine whether the futility

6    exception should be read into the exhaustion requirements of Title VII); *You v.*

7    *Longs Drugs Stores California*, LLC, 937 F. Supp. 2d 1237, 1250–51 (D. Haw.

8    2013) (collecting cases).  Based on the foregoing, the Court finds permitting

9    amendment to add a Title VII claim would be futile because it is not a claim upon

10   which relief may be granted under the circumstances.

11   **H.  Section 1983**

12   Plaintiffs cannot succeed on their claim for relief under 42 U.S.C. § 1983

13   because they have not established any violations of constitutional or federal law.

14   "By its terms, . . . the statute creates no substantive rights; it merely provides

15   remedies for deprivations of rights established elsewhere." *City of Oklahoma City*

16   *v. Tuttle*, 471 U.S. 808, 816 (1985); *Weiner v. San Diego Cty.*, 210 F.3d 1025,

17   1032 (9th Cir. 2000) (affirming summary judgment on § 1983 claim where

18   plaintiff failed to establish a violation of a constitutionally protected right).

19   Therefore, Plaintiffs have failed to state § 1983 claims upon which relief may be

20   granted.

ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE
SECOND AMENDED COMPLAINT AND GRANTING DEFENDANTS'
MOTIONS FOR JUDGMENT ON THE PLEADINGS ~ 21

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1.  Plaintiffs' Motion for Leave to File Second Amended Complaint (ECF No. 71) is **DENIED**.

2.  Plaintiffs' voluntary dismissal of their state law tort claims, the takings claims under the State and federal constitutions, the cruel punishment claims under the Washington and federal constitutions, and the violation of the Commerce clause claims under Art. I, § 8, cl. 3 and the federal constitution, ECF No. 81 at 3, is **GRANTED**.

3.  Defendants' Motions for Judgment on the Pleadings (ECF Nos. 69, 72) are **GRANTED**.  The claims asserted against State Defendants Inslee, Clintsman, Batiste, and Millar, as well as the claims asserted against Defendant Schaeffer, are **DISMISSED with prejudice**.

4.  Any remaining state law claims are **DISMISSED without prejudice**.

The District Court Executive is directed to enter this Order, enter Judgment accordingly, furnish copies to counsel, and **CLOSE** the file.

DATED April 27, 2022.



THOMAS O. RICE
United States District Judge

ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE
SECOND AMENDED COMPLAINT AND GRANTING DEFENDANTS'
MOTIONS FOR JUDGMENT ON THE PLEADINGS ~ 22